UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MYLES GETER, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ADP SCREENING AND SELECTION SERVICES, INC.,** *et al.*,<br><br>Defendants. | Civ. No. 2:14-cv-3225 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Myles Geter filed this putative class action against Defendants ADP Screening and Selection Services, Inc. ("ADP") and Planned Companies, Inc. ("Planned Companies"). The four-count Amended Complaint asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq. ("CFA"). Those claims arise from Planned Companies' rejection of Plaintiff's application for employment following a background check by ADP.

      This matter comes before the Court on (1) ADP's motion for summary judgment on Counts One and Three under Federal Rule of Civil Procedure 56, (2) ADP's motion to dismiss Count Four[1] under Federal Rule of Civil Procedure 12(b)(6), and (3) Planned Companies' motion to dismiss Count Two under Rule 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, ADP's motion for summary judgment is **DENIED**, ADP's motion to dismiss is **GRANTED**, and Planned Companies' motion to dismiss is **DENIED**.

    **I.   BACKGROUND**

      **A.  Legal Framework**

      The FCRA's purpose is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gelman v. State Farm*

---

[1] Incorrectly labeled "Count Three."

*Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (citation omitted).  It contains provisions governing the use of consumer reports for employment purposes.

Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, before taking the adverse action (a "pre-adverse action notice").  15 U.S.C. § 1681b(b)(3).  Additionally, after an adverse action occurs, the consumer employment applicant must receive a second notice.  *Id.* § 1681m.

Further, under Section 1681i(a)(1)(A), credit reporting agencies must promptly reinvestigate any information in a consumer's file that a consumer disputes and either record the current status of the information in dispute or delete it.  Section 1681i sets forth a fairly specific process for disputing information in a credit report.  A consumer must first inform the credit agency of the dispute.  *Id.* § 1681i(a)(1).  The credit reporting agency must reinvestigate promptly.  The agency must then appropriately respond to the dispute based on the results of its reinvestigation.  This includes deleting or modifying disputed information when appropriate.  *Id.* § 1681i(a)(5).  The credit reporting agency must also notify the consumer promptly of the results of the reinvestigation in writing.  *Id.* § 1681i(a)(6).

### B. Factual Background

The following facts are alleged in the Amended Complaint.  Plaintiff is a New Jersey citizen who applied for a position at Planned Companies.  Am. Compl. ¶ 12, 29, ECF No. 4.  Defendant Planned Companies provides janitorial, maintenance, concierge/front desk and security services to its clients.  Am. Compl. ¶ 14.  Defendant ADP provides pre-employment screening reports.  *Id.* ¶ 11.

As part of its employment screening process, Planned Companies employs ADP to perform background searches of public record information concerning job applicants, including Plaintiff.  Am. Compl. ¶¶ 11, 25, 31.  These background searches include the applicant's alleged criminal record history.  *Id.* ¶ 17.  Planned Companies also employed ADP to send out FCRA pre- and adverse action notices to consumers who applied for employment positions with Planned Companies.  *Id.* ¶ 25.  Plaintiff alleges that ADP did more than just conduct background searches and send out notices, however.  *Id.* ¶ 25.  Specifically, Plaintiff maintains that Planned Companies provided ADP in advance with criteria that ADP used to "adjudicate" whether or not to disqualify an applicant based on the consumer report ADP generated.  *Id.* ¶ 25.

Regarding Plaintiff's circumstances, in February 2007, Plaintiff "was falsely accused of threatening a former classmate over the website MySpace and was arrested on

a variety of improper criminal charges." Am. Compl. ¶ 27.  The charges against Plaintiff were eventually dropped due to a lack of evidence.  *Id.* ¶ 28.

On February 25, 2013, Plaintiff applied for a position as a concierge at Planned Companies.  Am. Compl. ¶ 29.  He was immediately offered an interview, which took place on February 27, 2013.  *Id.* ¶ 30.  That same day, Planned Companies employed ADP to perform a background check on Plaintiff.  *Id.* ¶ 31.  ADP prepared and delivered a consumer report concerning Plaintiff to Planned Companies on March 5, 2013, which included adverse criminal record information relating to the false accusations from 2007.  *Id.* ¶ 33.

On March 8, 2013, Plaintiff contacted Planned Companies to follow up on his interview.  Am. Compl. ¶ 34.  He was informed that his consumer report contained a criminal record and that "an adverse action had already been ordered" denying his application for employment based on the contents of the ADP report.  *Id.*  Planned Companies then sent Plaintiff a digital copy of a computer-generated form pre-adverse action notice, dated March 7, 2013, from ADP to Plaintiff (the "Pre-Adverse Action Notice").  *Id.* ¶ 35.  That same day, Plaintiff contacted ADP to dispute the completeness and accuracy of ADP's consumer report.  *Id.* ¶ 37.  ADP allegedly refused to process Plaintiff's dispute or initiate a reinvestigation of the disputed information.  *Id.* ¶ 38.

Plaintiff alleges that at the time Defendants sent the Pre-Adverse Action Notice to him – and in conformity with Defendants' customary practices – an employment decision regarding his application had already been made.  Am. Compl. ¶ 36.  Plaintiff thus argues that he was deprived of the opportunity to address ADP's inaccurate reporting with Planned Companies before adverse action was taken, in violation of the FCRA.

## II.   LEGAL STANDARD

### A.  Summary Judgment

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party.  *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* The opposing party must do more than just rest upon mere allegations, general denials, or vague statements. *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Rather, to withstand a proper motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

The Amended Complaint asserts the following claims:

(1) Count One: Violation of FRCA Section 1681b(b)(3) against ADP;
(2) Count Two: Violation of FRCA Section 1681b(b)(3) against Planned Companies;
(3) Count Three: Violation of FRCA Section 1681i(a) against ADP; and
(4) Count Four: Violation of the CFA against ADP.

4

ADP moves for summary judgment on Counts One and Three and to dismiss Count Four. Planned Companies moves to dismiss Count Two.

### A. ADP's Motion for Summary Judgment is Premature

ADP moves for summary judgment pre-discovery and attaches evidence in support of its motion. Plaintiff argues that ADP's motion is premature, citing Federal Rule of Civil Procedure 56(d).

Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

The Third Circuit has long interpreted this rule to require that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Philadelphia*, 855 F.2d 136, 140-41 (3d Cir. 1988). Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient. *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987). However, if a party opposing summary judgment files an affidavit that addresses these three requirements with specificity, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984). This is especially true when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party. *Id.*

The parties have not yet conducted any discovery in this matter. *See Reed v. Staniero*, No. 06-3496, 2007 WL 3430935, at *7 (D.N.J. Nov.13, 2007) (distinguishing between cases where "further discovery is sought" and cases "where no meaningful discovery has taken place"; in the later *Dowling* is less strictly applied). And Plaintiff submitted an affidavit setting forth the information he will seek in discovery, how that information would preclude summary judgment, and why he has not previously obtained that evidence. For instance, regarding his Section 1681(b)(3) claim, Plaintiff will seek information regarding the particular process actually followed by ADP and Planned Companies when providing notices under the FCRA. And regarding his Section 1681i(a) claim, Plaintiff will seek information on ADP's policies, procedures, and training on identifying consumer disputes and conducting FCRA reinvestigations of disputed items.

An argument that Plaintiff has failed to produce evidence supporting its claim is unconvincing where – as here – Plaintiff has not yet been afforded the opportunity to conduct discovery and much of the relevant evidence is in the sole possession of the moving party. ADP's summary judgment motion will be denied without prejudice as premature.

### B. Motions to Dismiss

The Court now turns to Defendants' motions to dismiss. The Court finds that Count Two adequately alleges a FCRA claim against Planned Companies and will deny Planned Companies' motion. However, Count Four does not allege a CFA claim against ADP. The Court will thus grant ADP's motion and dismiss Count Four with prejudice.

#### i. Planned Companies Motion to Dismiss Count Two

Count Two asserts a claim against Planned Companies under FCRA Section 1681(b)(3), based on Planned Companies alleged failure to provide Plaintiff with the Pre-Adverse Action Notice before taking an adverse action against him. Planned Companies first argues that the Court should dismiss Count Two, because the contract between ADP and Planned Companies indicates that ADP did not automatically disqualify candidates based on pre-set criteria. The contract to which Planned Companies refers is extrinsic to the pleadings. Further, it is not "*integral to or explicitly relied* upon" in the Amended Complaint, which focuses on the actual process followed by ADP and Planned Companies when providing pre-adverse action notices. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotations omitted) (emphasis in original). The Court will not consider it in this procedural context.

Planned Companies next argues that even if ADP did adjudicate Plaintiff's candidacy, Plaintiff has not alleged that Planned Companies took any adverse action against Plaintiff prior to sending the Pre-Adverse Action Notice. The Court disagrees.

FCRA section 1681b(b)(3) imposes obligations on any "person" who "[uses] a consumer report for employment purposes." 15 U.S.C. § 1681b(b)(3)(A). Such a person,

> before taking any adverse action based in whole or in part on the report, . . . shall provide to the consumer to whom the report relates--
> (i) a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*Id.* "The clear purpose of this section is to afford employees time to discuss reports with employers or otherwise respond before adverse action is taken." *Goode v. LexisNexis*

*Risk & Info. Analytics Grp., Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) (citations and quotations omitted).

The denial of employment is an adverse action under the FCRA. 15 U.S.C. § 1681a(k)(1)(B)(ii). Adverse employment action under the FCRA "occurs when the decision is carried out, when it is communicated *or actually takes effect*…." *Goode*, 848 F. Supp. 2d at 540.

In support of its motion, Planned Companies relies heavily on a decision from the Eastern District of Pennsylvania – *Moore v. Rite Aid Hdqtrs Corp.*, 33 F.Supp.3d 569 (E.D. Pa. 2014). In *Moore,* the plaintiff argued that "Rite Aid's employment decision actually took effect upon the completion of a LexisNexis adjudication and that the opportunity thereafter to provide information was a mere formality designed to satisfy § 1681b(b)(3)." *Id.* at 574. The court granted Rite Aid's motion to dismiss, *because that argument was not supported by allegations in the complaint. See id.* ("If such an argument was supported by the allegations in the Complaint, and it is not, plaintiff would state a claim upon which relief could be granted on this ground.").

Unlike *Moore*, here the Amended Complaint sufficiently alleges that Planned Companies' employment decision actually took effect upon completion of ADP's adjudication and that the opportunity to provide information was a mere formality to satisfy Planned Companies' FCRA obligations. It states "the date of the adverse employment action against [Plaintiff] was the date that ADP created and instantly 'adjudicated' his application. No further discretionary action was taken by Planned Companies after that moment." Am. Compl. ¶ 32. It further provides that ADP's consumer report regarding Plaintiff is dated March, 5, 2013. *Id.* ¶ 33. And it alleges that, on March 8, 2015, Plaintiff called Planned Companies to follow up on his application. *Id.* ¶ 34. In response, a representative told him that "his background report contained a criminal record and that an adverse action had already been ordered denying him employment with Planned Companies because of the contents of the ADP report." *Id.* ¶ 34. Read in the light most favorable to Plaintiff, these allegations support a claim under FCRA Section 1681b(b)(3) against Planned Companies. The Court will thus deny Planned Companies' motion to dismiss Count Two.

Finally, in its motion to dismiss, Planned Companies argues that the Court should deny class certification, because Plaintiff is not a member of the class he seeks to represent. First, no class certification motion is currently pending before this Court. Further, this action is not a "rare case[] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Clark v. McDonald's Corp.*, 213 F.R.D 198, 205 n.3 (D.N.J. 2003) (citing *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D. Ill. 1977). Planned Companies' argument is thus premature, and the Court will not consider it at this time. Planned Companies may renew this argument following discovery.

### ii. ADP's Motion to Dismiss Count Four

In Count Four, Plaintiff asserts a claim against ADP under the CFA for knowingly failing to provide complete information in its consumer report regarding Plaintiff. Am. Compl. ¶ 9. ADP argues that the FCRA preempts this state law claim and, alternatively, that Plaintiff is not a "consumer" under the CFA. Because the Court finds that Plaintiff is not a "consumer" under the CFA, the Court need not reach ADP's preemption argument.

The CFA prohibits the use of unconscionable commercial practices or fraud "in connection with the sale" of merchandise or real estate. N.J. Stat. Ann. § 56:8-2. To state a CFA claim, a plaintiff must show three things: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). A plaintiff must also show that he is a "consumer" and that he purchased "merchandise." *Viking Yacht Co. v. Composites One LLC*, 496 F.Supp.2d 462, 473 (D.N.J. 2007).

Plaintiff's CFA claim fails because he did not purchase anything from ADP. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 35 (3d Cir. 2011) ("[Plaintiff] has failed to state a claim under the NJCFA because his complaint is not based on [defendants'] marketing or sale of merchandise or services to him."); *Boyko v. Am. Int'l Grp., Inc.*, No. 08-2214, 2009 WL 5194431, at *3 (D.N.J. Dec. 23, 2009) (dismissing a CFA claim because the plaintiff did not buy anything from the defendant). The allegation that *Planned Companies* bought an inaccurate consumer report concerning Plaintiff from ADP does not provide Plaintiff with a cause of action against ADP under the CFA. Thus, the Court will dismiss Count Four. Further, because the Court finds that amendment of Count Four would be futile, the Court will dismiss Count Four with prejudice.

## IV.   CONCLUSION

For the above reasons, ADP's motion for summary judgment is **DENIED**, ADP's motion to dismiss is **GRANTED**, and Count Four is **DISMISSED WITH PREJUDICE**. Further, Planned Companies' motion to dismiss is **DENIED**. An appropriate order follows.

                                           /s/ William J. Martini
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 23, 2015**